IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: KEN HERNANDEZ | : | CIVIL ACTION |
| | : | |
| | : | NO. 25-13 |

## ORDER-MEMORANDUM

**AND NOW**, this 24th day of January 2025, upon considering the incarcerated Plaintiff's Motion to proceed *in forma pauperis* (ECF 5), account statement (ECF 6), Petition for writ of mandamus *nunc pro tunc* (ECF 1), finding no basis to vacate his state court conviction and dismiss a state court prosecution against Plaintiff, and for good cause, it is **ORDERED**:

1. Plaintiff's Motion for leave to proceed *in forma pauperis* (ECF 5) is **GRANTED**;

2. Ken Hernandez inmate number 53041 shall pay the full filing fee of $350 in installments, under 28 U.S.C. § 1915(b), regardless of the outcome of this case. We direct the Warden of Chester County Prison, or other appropriate officials to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Hernandez's inmate account; or (b) the average monthly balance in his inmate account for the six-month period immediately preceding the filing of this case to the extent those funds are in the account. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed under this Order to the court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Hernandez's inmate trust fund exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Hernandez's inmate account until the total of $350 in fees are paid. Each payment shall refer to the docket number for this case;

3.  The Clerk of Court shall **SEND** a copy of this Order to the Warden of Chester County Prison;

4.  The Petition (ECF 1) is **DEEMED** filed;

5.  We **DENY** the Petition for writ of mandamus *nunc pro tunc* (ECF 1) as we lack subject matter jurisdiction to issue a mandamus directing a non-federal officer to act; and,

6.  The Clerk of Court shall **CLOSE** this case.

## *Analysis*

A Delaware County jury convicted Ken Hernandez on state criminal charges. He now pro se petitions for a writ of mandamus *nunc pro tunc*.[1] Mr. Hernandez challenges his 2021 arrest and prosecution in the Delaware County Court of Common Pleas and seeks a writ of mandamus here asking us to vacate his conviction by "dismiss[ing]" the Commonwealth's case against him.[2] We do not have jurisdiction to compel a state court to act in matters pending in state court and deny his petition.

---

[1] ECF 1. The Commonwealth currently supervises Mr. Hernandez's custody in the Chester County Prison.

[2] Mr. Hernandez refers to a state court criminal proceeding in the Delaware County Court of Common Pleas at No. CR-0003631-2021. The case is *Commonwealth v. Ken Santos Hernandez*, No. CP-23-CR-3631-2021 (Del. Cnty. Ct. of Common Pleas). We take judicial notice of the docket sheet in *Commonwealth v. Ken Santos Hernandez*. Docket sheets are maintained by the Unified Judicial System of Pennsylvania at https://www.pacourts.us/courts/courts-of-common-pleas/docket-sheets. It appears from the publicly available docket a jury convicted Mr. Hernandez of state criminal charges on May 25, 2023 and he is awaiting sentencing. The docket reflects appeals to the Pennsylvania Superior Court, a September 6, 2024 pro se Motion for a new trial and an October 16, 2024 pro se Motion to reinstate bond or release filed in the state action (both denied), a December 16, 2024 pro se Motion for change of appointed counsel filed in the state action currently scheduled for a hearing on February 13, 2025 before Judge Amoroso in the Delaware County Court of Common Pleas, and a pro se Notice of appeal to the Pennsylvania Superior Court filed on January 15, 2025. Docket, *Commonwealth v. Ken Santos Hernandez*, No. CP-23-CR-0003631-2021.

Mr. Hernandez cites the All Writs Act, 28 U.S.C. § 1651(a), as the basis for his petition for a writ of mandamus.[3] Congress vests federal courts with jurisdiction to issue a writ of mandamus only "in aid of their respective jurisdictions."[4] A writ of mandamus is an extreme remedy invoked only in extraordinary situations.[5] Mr. Hernandez's request essentially asks us to vacate his conviction by a Delaware County jury by "dismissing" the Commonwealth's case against him; an action wholly outside, and not "in aid of," our jurisdiction.[6] Mr. Hernandez must timely petition for habeas relief after exhausting his state court procedures under 28 U.S.C. § 2254 if he seeks to challenge the validity of his state court conviction and pending sentencing. We lack jurisdiction to compel action by a state court and deny Mr. Hernandez's petition for writ of mandamus.[7]

                                                                               _____
                                                                               **KEARNEY, J.**

---

[3] ECF 1, ¶ 4.

[4] Congress through section 1651 provides: "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction."

[5] *In re Carrascosa*, 616 F. App'x 475, 477 (3d Cir. 2015) (citing *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976)).

[6] Even if we had subject matter jurisdiction—and we do not—we would abstain from an ongoing state criminal matter under *Younger v. Harris*, 401 U.S. 37 (1971).

[7] *In re Beckett*, 801 F. App'x 73, 74 (3d Cir. 2020) (citing *In re Grand Jury Proc.*, 654 F.2d 268, 278 (3d Cir. 1981)). We also lack jurisdiction under 28 U.S.C. § 1361. Congress, through section 1361, vested us with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Mr. Hernandez does not allege a ***federal*** officer, employee, or agency ***of the United States*** failed to perform a duty owed to him. *See also Vance v. Ct. of Common Pleas of Phila. Cnty.*, No. 24-5908, 2025 WL 220035 (E.D. Pa. Jan. 16, 2025) (granting pro se motion to proceed in forma pauperis and denying pro se petition for writ of mandamus seeking an order directing the Philadelphia Court of Common Pleas to act in petitioner's pending criminal case for lack of subject matter jurisdiction under 28 U.S.C. § 1361 and § 1651).